IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at__Baltimore_____

FILED
2015 JUN 24  AM 8: 55
U.S. BANKRUPTCY COURT
DISTRICT OF MARYLAND
BALTIMORE

IN RE:                              *

                                    *       Case Number:   15-18169
    Gail R. Kennedy                         Chapter 13
                                    *

    Debtor                          *

# CHAPTER 13 PLAN

_x__ Original Plan        ___ Amended Plan        ___ Modified Plan

The Debtor proposes the following Chapter 13 plan and makes the following declarations:

1.  The future earnings of the Debtor are submitted to the supervision and control of the Trustee, and Debtor will pay as follows (select only one):

This Plan calls for the immediate sale of the property at 302 S. Ocean Drive, S Bethany DE 19930, for $2,200,500. Sales Contract is in place. There is a need for a hearing in this court for this court to remove a fraudulent lien against the property (estimated 30 days to conclude), and the settlement will occur within 30 days of that hearing. All debts will be paid, so there will be no monthly payments, other than those required to be paid to the Trustee for the administration of the case. The total of all debts identified within this case, plus predetermined Trustee fees for administering this case, will be disbursed to the Trustee from the settlement proceeds. ALL debts will be paid from the proceeds of the sale.

   a.   $__4,000_____ per month for a term of ___12_____ months. OR

   b.   $_____per month for _____month(s),
        $_____per month for _____month(s),
        $_____per month for _____month(s), for a
        total term of _____ months.  OR

   c.   $_____per month prior to confirmation of this plan, and $_____ per month after confirmation of this plan, for a total term of _____ months (if this option is selected, complete 2.e.i).

2.  From the payments received, the Trustee will make the disbursements in the order described below:

SEE DETAILS ABOVE

   a.   Allowed unsecured claims for domestic support obligations and trustee commissions.

   b.   Administrative claims under 11 U.S.C. 507(a)(2), including attorney's fee balance of $_____ (unless allowed for a different amount by an order of the Court).



**Local Bankruptcy Form M** (Ver 09.11)

c. Claims payable under 11 U.S.C. 1326(b)(3). Specify the monthly payment:
$ _____.

d. Other priority claims defined by 11 U.S.C. § 507(a)(3)-(10). The Debtor anticipates the following priority claims: -0-

e. Concurrent with payments on non-administrative priority claims, the Trustee will pay secured creditors as follows:

Mortgage Payment of : $2913.08
To: Buonassissi, Henning & Lash, P.C., 1861 Wiehle Ave., Reston VA 20190199

    i. Until the plan is confirmed, adequate protection payments and/or personal property lease payments on the following claims will be paid directly by the Debtor; and, after confirmation of the plan, the claims will be treated as specified in 2.e.ii and 2.e.iii, below (designate the amount of the monthly payment to be made by the Debtor prior to confirmation, and provide the redacted account number (last 4 digits only), if any, used by the claimant to identify the claim):

| Claimant | Redacted Acct. No. | Monthly Payment |
|---|---|---|
| NA | | |

    ii. Pre-petition arrears on the following claims will be paid through equal monthly amounts under the plan while the Debtor maintains post-petition payments directly (designate the amount of anticipated arrears, and the amount of the monthly payment for arrears to be made under the plan):

| Claimant | Anticipated Arrears | Monthly Payment | No. of Mos. |
|---|---|---|---|
| NA | | | |

The following secured claims are not affected by this plan and will be paid outside of the plan directly by the Debtor:

    iii. If any secured claim not described in the previous paragraphs is filed and not disallowed, that claim shall be paid or otherwise dealt with outside the plan directly by the Debtor, and it will not be discharged upon completion of the plan.
NA

    iv. In the event that the trustee is holding funds in excess of those needed to make the payments specified in the Plan for any month, the trustee may pay secured claims

Local Bankruptcy Form M – Page 3 (Ver 09.11)

        listed in paragraphs 2.e.ii and 2.e.iii in amounts larger than those specified in such paragraphs.
NA

    f.    After payment of priority and secured claims, the balance of funds will be paid pro rata on allowed general, unsecured claims. (If there is more than one class of unsecured claims, describe each class.)

$791.67
BGE
Acct # 5288415949 - P.O. Box 13070 - Phila PA 19101

3. The amount of each claim to be paid under the plan will be established by the creditor's proof of claim or superseding Court order. The Debtor anticipates filing the following motion(s) to value a claim or avoid a lien. (Indicate the asserted value of the secured claim for any motion to value collateral.):

Motion To Determine Chain of Title on Mortgage on Residence to determine: 1) who owns loan 2) who is holding payments for which debtor has not received credit 3) if the loan deed of trust is valid or not valid 4) value of property to value of loan, if in fact the loan is valid, to determine if cramdown is applicable

4. Payments made by the Chapter 13 trustee on account of arrearages on pre-petition secured claims may be applied only to the portion of the claim pertaining to pre-petition arrears, so that upon completion of all payments due under the Plan, the loan will be deemed current through the date of the filing of this case. For the purposes of the imposition of default interest and post-petition charges, the loan shall be deemed current as of the filing of this case.

5. Secured Creditors holding claims subject to cramdown will retain their liens until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or discharge under § 1328; and if the case is dismissed or converted without completion of the plan, the lien shall also be retained by such holders to the extent recognized under applicable nonbankruptcy law.

6. The following executory contracts and/or unexpired leases are assumed (or rejected, so indicate); any unexpired lease with respect to personal property that has not previously been assumed during the case, and is not assumed in the plan, is deemed rejected and the stay of §§ 362 and/or 1301 is automatically terminated:       ASSUMED

7. Title to the Debtor's property shall revest in the Debtor when the Debtor is granted a discharge pursuant to 11 U.S.C. §1328, or upon dismissal of the case, or upon closing of the case.

Non-standard Provisions:

_06/23/2015_
Date

_Gail R. Kennedy_
Debtor

_____
Attorney for Debtor

_____
Joint Debtor

Local Bankruptcy Form M – Page 2 (Ver 09.11)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

In Re: Gail R. Kennedy | Case Number: 15-18169
| 
| Chapter: 13
Debtor(s) |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __23rd__ day of __June, 2015__, a copy of The Chapter 13 Plan

_____

_____

_____

was mailed via ____U.S. Mail_____
to the following parties of interest:

BGE
Acct # 5288415949
P.O. Box 13070
Phila PA 19101

Mortgage
Buonassissi, Henning & Lash, P.C.
1861 Wiehle Ave.
Reston VA 20190199

06/23/2015
Date:

Gail R Kennedy
Signature